## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Paul Kustermann, | FILE NO. _____ |
| Plaintiff | |
| v. | **COMPLAINT** |
| Correctional Transition Services Inc. | **JURY TRIAL DEMANDED** |
| Defendant | |

---

Plaintiff Paul Kustermann. ("Kustermann" or "Plaintiff"), by his attorney, Paul Godfread,

for his Complaint against Defendant Correctional Transition Services Inc. ("CTSI" or

"Defendant"), alleges as follows:

### INTRODUCTION

1.      Kustermann brings this action against CTSI for copyright infringement, false

designation of origin and unfair competition.  As described more fully below, Defendant has

violated Kustermann's intellectual property rights by unlawfully reproducing, distributing and

producing derivative works of a program guide authored by Kustermann.  Defendant has

continued to engage in its illegal behavior even after being made aware of the infringement and

has refused to cease from making use of the copyrighted work for the benefit of its business.

Defendant continues to derive economic advantage from its unauthorized use of the copyrighted

work, the names of programs associated with that work and Kustermann himself, the goodwill

and reputation created by Kustermann.

## PARTIES

2.      Plaintiff Paul Kustermann is a US citizen residing in Dakota County, Minnesota.

3.      On information and belief, Defendant CTSI is a Minnesota non-profit corporation with its principal place of business located at 1901 44th Avenue North, Minneapolis, MN 55412.

## JURISDICTION AND VENUE

4.      This case arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq. in that this is a civil action seeking damages and injunctive relief under the Copyright Act.

5.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Plaintiff's state law unfair competition claim is joined with a substantial and related claim under the laws of the United States, namely the Copyright Act and Lanham Act, and, thus, the Court also has jurisdiction over that claim pursuant to 28 U.S.C. § 1338(b).

7.      A substantial part of the events giving rise to the claims described herein occurred in this District.  Venue is thus proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8.      Plaintiff Kustermann is the author of a work entitled "Correctional Transition Service, Inc. Day One Program." ("Day One Program").

9.      Plaintiff created the Day One Program throughout 2004 and is the sole author of the work.

10.     Plaintiff holds copyright registration TXu00120375 for the Day One Program.

11.     The Day One Program is to be used as a guide for programs or services to help recently released prisoners transition to life outside of a correctional facility.

12.     Defendant CTSI was created by Plaintiff in late 2004 to offer services to recently released prisoners to help them transition to life outside of prison, specifically using the Day One Program.

13.     Copies or derivative works of the Day One Program are routinely made and those copies or derivative works are routinely distributed and a part of Defendant's day-to-day operation.

14.     Plaintiff's Day One Program serves as the basis for services offered by Defendant for which it continues to receive payment from Hennepin County.

15.     The phrase "Day One Program" also functions as a trademark for services offered by Plaintiff and Defendant.

16.     The "Day One Program" name is well regarded in the post-correctional services and rehabilitation community and is closely associated with the Plaintiff as both the author and primary force behind the "Day One Program" and has been used by Plaintiff even before the creation of Defendant.

17.     The name "CTSI" is also closely associated with Plaintiff because Plaintiff has been the public face of CTSI and has been used by Plaintiff even before the creation of Defendant.

18.     Plaintiff has made numerous appearances over the last five years in local and national media as well as trade shows and conferences to promote the "Day One Program" and CTSI and because of that promotion by Plaintiff, the public now associates and identifies Plaintiff with the names "Day One Program" and "CTSI" when used in connection with rehabilitation and post-correctional transition services.

19.     On or about September 1, 2010, Defendant's Board of Directors voted to remove Plaintiff as Executive Director.

20.     After September 1, 2010, Plaintiff has sent numerous letters to Defendant to cease and desist infringing Plaintiff's copyrights in the Day One Program and to cease and desist using the Day One Program name to promote services offered by CTSI.

21.     Defendant continues to use the names "CTSI" and "Day One Program" in connection with its services and continues to infringe Plaintiff's copyrights.

22.     Despite best efforts by Plaintiff to resolve this dispute amicably, Defendant has refused to discontinue its infringing activities, which, even if originally innocent in intent, are now willful.

## COUNT ONE
### (Copyright Infringement)

23.     The allegations set forth in paragraphs 1 through 22 are incorporated by reference.

24.     Defendants have infringed Plaintiff's copyrights in the Day One Program by reproducing, distributing and adapting the Day One Program without authorization in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

25.     Each such infringement by Defendant constitutes a separate and distinct act of infringement.

26.     Defendant's infringement was willful, in disregard of and with indifference to the rights of Plaintiff.

27.     As a direct and proximate result of the infringements by Defendant, Plaintiff is entitled to actual damages, including income from government contracts attributable to infringing activities in amounts to be proven at trial, which are not currently ascertainable.  In the

alternative, Plaintiff is entitled to maximum statutory damages of $150,000 for each copyright infringed, or any other amount allowed under 17 U.S.C § 504(c).

28.     Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C § 505.

29.     As a result of Defendant's conduct, Plaintiff has sustained will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law. Plaintiff is informed and believes that Defendant will continue to infringe upon Plaintiff's rights in the Day One Program unless enjoined from doing so by this Court.  Plaintiff is entitled to preliminary and permanent injunctive relief to enjoin Defendant's continuing infringing conduct.

## COUNT TWO
### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a))

30.     The allegations set forth in paragraphs 1 though 29 are incorporated by reference.

31.     Defendant's conduct in using its infringing marks CTSI and DAY ONE PROGRAM has caused confusion and mistake and has deceived, and will continue to do so.

32.     Defendant's acts of trademark infringement have been committed willfully with the intent to cause confusion and mistake, and to deceive.

33.     Defendant has unfairly competed with Plaintiff as alleged herein with the intent to deceive the public into believing the goods and services offered by Defendant are provided by, approved by, sponsored by or affiliated with Plaintiff.

## COUNT THREE
### (Deceptive Trade Practices - Minn. Stat. § 325D.44)

34.     The allegations set forth in paragraphs 1 through 33 are incorporated by reference.

35.     At all relevant times, Plaintiff and Defendant have been engaged in the conduct of trade and commerce in the State of Minnesota, and the acts giving rise to this complaint have occurred primarily and substantially in Minnesota.

36.    By its conduct as set forth above, Defendant has willfully or knowingly engaged in unfair and deceptive acts and practices in violation of Minn. Stat § 325D.44.

37.    Defendant has unfairly competed with Plaintiff as alleged herein with the intent to deceive the public into believing the services offered for sale by Defendant are provided by, approved by, sponsored by or affiliated with Plaintiff.

38.    As a result, Plaintiff has suffered harm and damages, including a loss of money or property, for which Defendant is liable.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant on all Counts, granting Plaintiff the following forms of relief:

(1) an order preliminarily and permanently enjoining Defendants from infringing upon Plaintiff's copyrights in the Day One Program and trademark rights in the names "CTSI" and "Day One Program";

(2) damages, including statutory or actual damages as a result of Defendant's acts of copyright infringement;

(3) damages, including Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts of unfair competition;

(4) attorneys' fees on Plaintiff's claims under the Copyright Act, Lanham Act and the Minnesota unfair competition statute;

(5) interest;

(6) costs; and

(7) such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Paul Kustermann**

By:_____

Paul Godfread (389316)
GODFREAD LAW FIRM, P.C.
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Tel. (612) 284-7325
Attorney for Plaintiff

Dated:  November 11, 2010